## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

RUBICON REAL ESTATE HOLDINGS, LLC,
BROWNE DESIGN CONSULTANTS, LLC,
and JOSEPH BROWN,                                    Case No. 2:23-cv-10439
                                                     Hon. Paul D. Borman
                    Plaintiffs,                      Magistrate Judge Curtis Ivy, Jr.

vs.

CITY OF PONTIAC, MICHIGAN and
GARLAND S. DOYLE, jointly and severally,

                    Defendants.

---

## MOTION FOR LEAVE TO AMEND ANSWER AND AFFIRMATIVE DEFENSES AND FILE COUNTERCLAIM

Defendants City of Pontiac, Michigan ("Pontiac") and Garland S. Doyle ("Doyle") (together, "Defendants"), pursuant to Fed. R. Civ. P. 15(a)(2), hereby move for leave to file a first amended answer and affirmative defenses, along with Pontiac's counterclaim. In support of their motion, Defendants state as follows:

1.      Under Fed. R. Civ. P. 15(a)(2), a party may amend its pleading with leave of the Court. The Court "should freely give leave when justice so requires." *Id.*

2.      Rule 15(a) embodies a "liberal policy of permitting amendments to ensure the determination of claims on their merits." *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). Indeed,

because Fed. R. Civ. P. 15 "reinforces the principle that cases should be tried on their merits rather than the technicalities of pleadings, [Courts] therefore assume[] a liberal policy of permitting amendments." *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 937 (6th Cir. 2004); *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987) ("[T]he case law in this Circuit manifests liberality in allowing amendments . . . .") (internal citations and quotations omitted).

3.      Generally, leave to amend should be granted unless the adverse party would be significantly prejudiced or the proposed amendment would not withstand a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *See United States v. Wood*, 877 F.2d 453, 456 (6th Cir. 1989); *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983).

4.      Here, justice requires that Defendants be permitted to file a first amended answer and affirmative defenses, along with Pontiac's counterclaim against Plaintiffs Rubicon Real Estate Holdings, LLC ("Rubicon") and Joseph Brown ("Brown") (together, "Plaintiffs"). Plaintiffs will not suffer any significant prejudice, as: (1) discovery has just commenced, and therefore no adjournments are required; (2) the first amended answer and affirmative defenses, along with Pontiac's proposed counterclaim, stem from the facts and circumstances alleged in Plaintiffs' complaint, and further provide viable defenses and/or offset to Plaintiffs' claims. Moreover, each of Pontiac's counterclaims and Defendants' affirmative defenses

2

survive Fed. R. Civ. P. 12(b)(6), and therefore are not futile. *Victor v. Reynolds*, 582 F. Supp. 3d 516, 521 (E.D. Mich. 2022).

5.     In relevant part, Defendants' first amended answer and affirmative defenses seeks to: (1) provide minor edits; and (2) add new affirmative defenses. These proposed affirmative defenses include fraud, misrepresentation, and alleged contracts as being void/voidable as against public policy stemming from Plaintiffs' conspiracy and bribery payments to public officials. *See* **Exhibit A** (Proposed First Amended Answer and Affirmative Defenses).

6.     On a similar basis, Pontiac's counterclaim seeks to advance a civil Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1962(c)-(d) claim against Plaintiffs for their participation and furtherance of a public bribery scheme. *See* **Exhibit B** (Pontiac's Proposed Counterclaim).

7.     In relevant part, Rubicon is a known business affiliate of a separate entity named DA Real Estate Consulting, LLC d/b/a DA Contracting, LLC ("DA Contracting"). For the property at issue in Plaintiffs' complaint, DA Contracting performed demolition services on Rubicon's behalf.

8.     The owner of DA Contracting, Bradley Klintworth ("Klintworth"), is a co-member of Rubicon along with Defendant Joseph Brown ("Brown").

9.     Following its purchase of property in Pontiac around March 29, 2019, Rubicon petitioned Pontiac for a conditional rezoning agreement and zoning amendment. Subsequently, Brown attended several meetings with public officials, including Public Official No. 1 (who sat on the Pontiac City Planning Commission) and/or Dwayne Lyons ("Lyons").

10.     Ultimately, Rubicon's zoning amendment request was granted and adopted by the Pontiac City Planning Commission in early January 2020.

11.      The Pontiac City Council approved the zoning amendment and a Conditional Rezoning Agreement with Plaintiff Rubicon on January 21, 2020.

12.     Shortly thereafter, on February 6, 2020, Lyons sent a "consulting" invoice to Rubicon and/or Brown on behalf of a company named Innovative Community Elevations, LLC. The invoice was in the amount of $5,000.00 for "consulting" services. Lyons was actively employed by Pontiac at this time.

13.     On or about February 27, 2020, Rubicon closed on the purchase of the Subject Property. Subsequently, on March 6, 2020, an individual named Vladimir Abu Ali ("Abu Ali") (DA Contracting's Vice President and Controller) signed and sent a $5,000.00 check to Innovative Community Elevations.

14.     Three days later, on March 9, 2020, Lyons filed articles of organization for Innovative Community Elevations. One day after filing the articles of

organization, Lyons signed and deposited the $5,000.00 check on behalf of Innovative Community Elevations.

15.     At the time that Lyons received, signed, and deposited the $5,000.00 check from DA Contracting, Brown and Klintworth were co-members of Rubicon. Furthermore, at this same time, Klintworth was the owner of DA Contracting.

16.     Subsequently, Public Official No. 1 filed falsified campaign financing statements as a direct and proximate result of receiving bribe payments, including but not limited to bribe payments made by Rubicon.

17.     Additionally, both Public Official No. 1 and Lyons, respectively, removed documents and destroyed data and/or information pertaining to payments they received.

18.     Plaintiffs, together with Public Official No. 1, Lyons, and DA Contracting, have utilized a public office and/or the Pontiac City Planning Commission to perpetuate an illegal enterprise and bribery scheme in furtherance of their own illegitimate pecuniary and/or personal interests.

19.     These acts (among others detailed in Pontiac's counterclaim) constitute the requisite predicate acts for a civil RICO claim under 18 U.S.C. § 1962, including: (1) acts of bribery, particularly in the form of *quid pro quo* payment to place Rubicon's zoning amendment request on the City Planning Commission's agenda (18 U.S.C. § 201) and execution of a Conditional Rezoning Agreement making the

property eligible for medical marijuana facilities; (2) wire fraud and/or mail fraud, particularly in the form of payment, receipt, and deposit of bribery payments (18 U.S.C. §§ 1341, 1343); (3) fraud and related activity in connection with identification documents, particularly in the form of Public Official No. 1's falsified Affidavit of Identity (18 U.S.C. § 1028); (4) obstruction of justice and/or obstruction of criminal investigations, particularly in the form of removed or deleted information, data, and/or documents (18 U.S.C. § 1510); (5) racketeering and the aid of racketeering enterprises (18 U.S.C. § 1952); and (6) overt acts in furtherance of the foregoing bribery scheme and conspiracy.

20.    As a direct and proximate consequence of Plaintiffs' actions, Pontiac has sustained monetary and non-compensable injuries, including but not limited to violations of the public trust, pending lawsuits and claims advanced by Rubicon against Pontiac (along with related costs and fees), and other related costs and damages stemming from Plaintiffs' actions.

21.    Pontiac's counterclaim does not seek to add any new parties to this matter.

22.    For these reasons, leave to permit the filing of Pontiac's civil RICO counterclaim is appropriate.

23.    Furthermore, in accordance with Local Rule 15.1, a copy of Defendants' first amended answer and affirmative defenses is attached as **Exhibit A**, and Pontiac's proposed counterclaim is attached as **Exhibit B**.

WHEREFORE, Defendants respectfully request that this Court grant their motion for leave to file a First Amended Answer, Affirmative Defenses, and Counterclaim.

Respectfully Submitted,

Date: June 2, 2023                 /s/ Chuck Murphy
                                   CLARK HILL PLC
                                   Charles Murphy (P28909)
                                   *Attorneys for Defendants*
                                   151 S. Old Woodward Ave., Ste. 200
                                   Birmingham, MI  48009
                                   (248) 988-5879
                                   cmurphy@clarkhill.com

                                   Anne McClorey McLaughlin (P40455)
                                   Rosati, Schultz, Joppich & Amtsbuechler, P.C.
                                   27555 Executive Dr., Ste. 250
                                   Farmington Hills, MI 48331
                                   (248) 489-4100
                                   amclaughlin@rsjalaw.com

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

RUBICON REAL ESTATE HOLDINGS, LLC,
BROWNE DESIGN CONSULTANTS, LLC,
and JOSEPH BROWN,                                    Case No. 2:23-cv-10439
                                                     Hon. Paul D. Borman
             Plaintiffs,                             Magistrate Judge Curtis Ivy, Jr.

vs.

CITY OF PONTIAC, MICHIGAN and
GARLAND S. DOYLE, jointly and severally,

             Defendants.

---

## BRIEF IN SUPPORT OF MOTION FOR LEAVE TO AMEND ANSWER
## AND AFFIRMATIVE DEFENSES AND FILE COUNTERCLAIM

---

## <u>CONCISE STATEMENT OF ISSUES PRESENTED</u>

Whether this Court should grant Defendants leave to file a first amended answer and affirmative defenses, along with Pontiac's counterclaim, where: (1) the Court, as a matter of law, should freely grant leave when justice so requires; (2) no adjournment of scheduling order dates is necessary; (3) Plaintiffs will suffer no substantial prejudice, particularly where no new parties are being joined, and (4) all relevant amendments and counterclaims stem from the facts and circumstances alleged in Plaintiffs' complaint.

Defendants Answer: Yes

Plaintiffs Answer: No

18836\462986\271797408

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITY</u>

Fed. R. Civ. P. 15(a)(2)

*Foman v. Davis*, 371 U.S. 178 (1962)

## I.     <u>INTRODUCTION</u>

In their complaint, Plaintiffs Rubicon Real Estate Holdings, LLC ("Rubicon") and Joseph Brown ("Brown") (together, "Plaintiffs") claim that the City of Pontiac ("Pontiac") and Garland S. Doyle ("Doyle") (together, "Defendants") improperly withheld permits under a city ordinance passed in their favor (*i.e.*, Resolution 20-29). *See, e.g.*, Compl. at ¶¶ 33-34, 39. After successfully petitioning Pontiac for new zoning amendments under Resolution 20-29, Plaintiffs suggest that Pontiac failed to issue permits as contemplated thereunder. *See id.* What Plaintiffs neglect to mention, however, is that their alleged entitlement to these permits is a product of their own unclean hands. To advance their own pecuniary and business interests through the City of Pontiac—including the adoption of Resolution 20-29—Plaintiffs participated and engaged in a bribery scheme of public officials. Now, Plaintiffs advance legal claims against Defendants stemming from the very zoning amendments that resulted from this bribery scheme.

Accordingly, where Fed. R. Civ. P. 15(a)(2) dictates that leave should be freely given where justice so requires, this Court should grant Defendants' motion for leave to file their Amended Answer and Affirmative Defenses, along with Pontiac's Proposed Counterclaim.

## II.   <u>BACKGROUND</u>

In or about March 29, 2019, Rubicon entered into a Real Estate Purchase Agreement (the "Purchase Agreement") for property located within Pontiac (*i.e.*, the "Subject Property"). *See* ECF No. 1, PageID.8, ¶ 9. However, to develop the Subject Property, Rubicon needed zoning map amendments from the Pontiac City Planning Commission and the Pontiac City Council. *See id.* at ¶ 11. At Rubicon's request, the City Planning Commission held a public hearing on Rubicon's requested zoning amendment, and on January 21, 2020, subsequently voted to recommend that City Council adopt the change. *See id.* at PageID.9, ¶ 13.

Around the same time as Rubicon's purchase of the Subject Property, Brown (on Rubicon's behalf) held several in-person meetings with former Pontiac public officials, including Public Official No. 1 and Dwayne Lyons ("Lyons"). *See* **Exhibit B** at ¶ 25. As a direct consequence of these meetings, Brown and/or Rubicon agreed to pay Public Official No. 1 and/or Lyons $5,000.00 for placement of the zoning petition on the City Planning Commission agenda. *Id.* at ¶ 27. At the time, Public Official No. 1 was a member of the City Planning Commission, *id.* at ¶ 24, and Lyons was a Pontiac employee working with Public Official No. 1. *Id.* at ¶¶ 16-18.

At the time Rubicon purchased the Subject Property, it was a known business associate of DA Real Estate Consulting, LLC d/b/a DA Contracting, LLC ("DA

18836\462986\271797408

Contracting"). *Id.* at ¶ 13. In particular, DA Contracting performed demolition and other services on properties owned by Rubicon. Moreover, DA Contracting's owner, Bradley Klintworth ("Klintworth"), was also a member of Rubicon with Brown. *Id.*

Following the City Planning Commission's zoning amendment recommendation, the Pontiac City Council placed Rubicon's request on its agenda on January 21, 2020 and approved it under Resolution 20-29. *See id.* at ¶ 14. Less than two weeks thereafter, on February 6, 2020, Lyons sent a "consulting" invoice on behalf of a company named Innovative Community Elevations, LLC ("Innovative Community Elevations") to Rubicon and/or Brown for $5,000.00. *See id.* at ¶ 30. On March 6, 2020, an individual named Vladimir Abu Ali ("Abu Ali") (DA Contracting's Vice President and Controller) signed and sent a $5,000.00 check to Innovative Community Elevations. *Id.* at ¶ 32. Three days later, Lyons filed articles of organization in the State of Michigan for Innovative Community Elevations, and on March 10, 2020, Lyons signed and deposited the $5,000.00 check for Innovative Community Elevations. *Id.* at ¶¶ 33-34.

Lyons himself admits that he never provided any actual services to Rubicon for these "consulting" services. *Id.* at ¶ 53. Upon information and belief, Rubicon never directly responded to Innovative Community Elevations' $5,000.00 invoice for the February 6, 2020 "consulting" service invoice, nor did Innovative

Community Elevations ever demand further payment or collections from Rubicon. *Id.* at ¶ 37.

In the months that followed, Public Official No. 1 falsified an Affidavit of Identity by failing to file numerous campaign finance disclosures. *Id.* at ¶¶ 38-44. Of course, the failure to file these campaign finance disclosures is a direct and proximate result of bribe payments received by Public Official No. 1 and/or Lyons, including but not limited to the payment(s) made by Rubicon. *See id.* Separately, both Public Official No. 1 and/or Lyons removed or destroyed documents and electronic data pertaining to these bribery payments. *See id.* at ¶¶ 45-52.

In view of these facts, Defendants seek leave of the Court to: (1) amend their answer to correct certain wording; (2) amend their affirmative defenses to include fraud, misrepresentation, and the alleged contracts as being void/voidable as against public policy; and (3) permit Pontiac to file a civil RICO counterclaim against Rubicon and Brown. Because the Court should freely give leave when justice so requires, this Court should grant Defendants' motion.

### III.   <u>STANDARD OF REVIEW</u>

Under Fed. R. Civ. P. 15(a)(2), a party may amend its pleading with leave of the Court, and the Court "should freely give leave when justice so requires." *Id.* Indeed, Fed. R. Civ. P. 15(a) embodies a "liberal policy of permitting amendments to ensure the determination of claims on their merits." *Marks v. Shell Oil Co.*, 830

F.2d 68, 69 (6th Cir. 1987); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). Because Fed. R. Civ. P. 15 "reinforces the principle that cases should be tried on their merits rather than the technicalities of pleadings, [Courts] therefore assume[] a liberal policy of permitting amendments." *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 937 (6th Cir. 2004); *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987) ("[T]he case law in this Circuit manifests liberality in allowing amendments . . . .") (internal citations and quotations omitted). Accordingly, leave to amend should generally be granted unless the adverse party would be significantly prejudiced or the proposed amendment would not withstand a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *See United States v. Wood*, 877 F.2d 453, 456 (6th Cir. 1989); *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983).

## IV.  <u>ARGUMENTS</u>

This Court should freely grant Defendants' requested leave because: (A) Plaintiffs will suffer no significant prejudice from the proposed amendments and counterclaim; and (B) the proposed amendments and counterclaim withstand scrutiny under Fed. R. Civ. P. 12(b)(6), and therefore are not futile. Where such a decision "is committed to the district court's sound discretion[,]" *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971), Defendants' motion should be granted.

### A.   <u>Plaintiffs Will Suffer No Significant Prejudice.</u>

Under Sixth Circuit precedent, "[n]otice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 458–459 (6th Cir. 2001). Here, Defendants' first amended answer and affirmative defenses seeks to provide minor revisions and add new affirmative defenses, including fraud, misrepresentation, and alleged contracts as being void/voidable as against public policy. *See* **Exhibit A**. Similarly, Pontiac's proposed counterclaim is a civil Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1962(c)-(d) claim against Plaintiffs for their participation and furtherance of a public bribery scheme, which resulted in the adoption of Resolution 20-29 and the circumstances of which Plaintiffs now complain. *Compare* ECF No. 1, *with* **Exhibit B**.

Where each of the proposed amendments and counterclaims stem from Plaintiffs' conspiracy and bribery payments to public officials, Plaintiffs are clearly on notice of these activities. *See Ogle v. Hocker*, No. 02-73200, 2004 WL 7340719, at *2 (E.D. Mich. Aug. 5, 2004) ("Inasmuch as the amendment appears to be based on the same set of facts that have already been placed in issue, the Court concludes that [the non-moving party] has been given sufficient notice upon which to mount an adequate defense. Moreover, an examination of this record supports the view that

6

these projected new claims will not require any significant additional expenditures of time and monies by, or cause substantial prejudice to, [the non-moving party].").

Similarly, Plaintiffs suffer no significant prejudice where discovery has only recently commenced and where the proposed amendments and counterclaim derive from the facts and circumstances alleged in Plaintiffs' complaint. *See id.* There is no resulting delay or dilation from Defendants' proposed amendments, and adjournments will not be required for Plaintiffs to answer Pontiac's proposed counterclaim. *See Foman*, 371 U.S. at 182. Moreover, the first amended answer and affirmative defenses, along with Pontiac's proposed counterclaim, all provide viable defenses and/or offset to Plaintiffs' claims. *See Lawrence v. Chabot*, 182 F. App'x 442, 456–57 (6th Cir. 2006) ("An affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense"); *Montgomery v. Wyeth*, 580 F.3d 455, 467–68 (6th Cir. 2009) (similar). Accordingly, where there is no significant prejudice to Plaintiffs, Defendants' motion should be granted.

## B.   Defendants' Amendments are not Futile.

The standard for determining whether to deny leave to amend based on futility of amendment in the Sixth Circuit is the same standard that is used for a Rule 12(b)(6) motion to dismiss. *Thiokol Corp. v. Department of Treasury, Revenue Div.*, 987 F.2d 376 (6th Cir. 1993); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(noting a civil complaint only survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."). However, as it pertains to Defendants' amended answer and affirmative defenses, the requirements of Fed. R. Civ. P. 12(b)(6) do not apply. *See Int'l Outdoor, Inc. v. City of Southgate*, No. 11–14719, 2012 WL 2367160, at *7–9 (E.D. Mich. Apr. 6, 2012) (declining to apply *Twombly* and *Iqbal* to affirmative defenses and citing cases). Rather, defenses pled in "general terms . . . will be held to be sufficient[.]" *Lawrence*, 182 F. App'x at 456-57. For this reason, Defendants' amended answer and affirmative defenses are not futile.

Pontiac's proposed counterclaim is likewise not futile. To advance a civil RICO claim, a party must first establish their right to sue and then further allege: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *In re Duramax Diesel Litig.*, 298 F. Supp. 3d 1037, 1077 (E.D. Mich. 2018) (citing *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 404 (6th Cir. 2012); *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)).

As set forth by 18 U.S.C. § 1961(3), Pontiac is a "person" capable of holding legal or beneficial interests in property, and therefore may assert a civil RICO cause of action under 18 U.S.C. § 1964(c). This is precisely what Pontiac has done: they have alleged injuries stemming from Plaintiffs' actions and bribery scheme, including but not limited to those incurred in the defense of this suit. *See, e.g.*,

**Exhibit B** at ¶ 60. Regardless, "[P]laintiffs need not show that [Defendant's] conduct was the sole cause of their injury in order to establish proximate cause; they need show only that the conduct was a substantial cause." *Trollinger v. Tyson Foods, Inc.*, 370 F.3d 602, 615 (6th Cir. 2004) (internal citation omitted). "[W]hen a conspiracy is alleged, it is inevitable that not all of the RICO defendants will be directly involved in every action which injures the plaintiff. The mere fact that it may be possible to differentiate between the RICO defendants in terms of culpability does not necessarily prevent a finding that all defendants proximately caused the alleged injury." *In re Duramax*, 298 F. Supp. 3d at 1075; *see also In re ClassicStar Mare Lease Litig.*, 727 F.3d 473, 487 (6th Cir. 2013) ("Plaintiffs need only show that the defendants' wrongful conduct was 'a substantial and foreseeable cause' of the injury and the relationship between the wrongful conduct and the injury is 'logical and not speculative.'"). This is plainly the case as alleged in Pontiac's proposed counterclaim. *See, e.g.*, **Exhibit B** at ¶ 60. Accordingly, Pontiac has standing to bring its proposed counterclaim.

Pontiac's proposed counterclaim is similarly well pled on the merits. Plaintiffs, through their bribery scheme and foreseeable enablement of: (1) Public Official No. 1's falsified Affidavit of Identity (vis-à-vis undisclosed campaign financing statements, which would need to reflect bribery payments); and (2) Public Official No. 1 and Lyon's removal and/or destruction of information and electronic

9

data reflecting the Enterprise's bribery scheme, have committed and/or enabled the enterprise to commit numerous predicate acts in violation of 18 U.S.C. § 1962(c)-(d). *See id.* at ¶¶ 56-60. These actions amount to a pattern of racketeering activity as defined by 18 U.S.C. § 1961(d) and therefore are not futile. Accordingly, this Court should grant Defendants' motion for leave.

## V.   **CONCLUSION**

WHEREFORE, Defendants respectfully request that this Court grant their motion for leave to amend their answer and affirmative defenses, and to permit Pontiac leave to file its Counterclaim.

Respectfully Submitted,

Date: June 2, 2023

/s/ Chuck Murphy
CLARK HILL PLC
Charles Murphy (P28909)
*Attorneys for Defendants*
151 S. Old Woodward Ave., Ste. 200
Birmingham, MI  48009
(248) 988-5879
cmurphy@clarkhill.com

Anne McClorey McLaughlin (P40455)
Rosati, Schultz, Joppich & Amtsbuechler, P.C.
27555 Executive Dr., Ste. 250
Farmington Hills, MI 48331
(248) 489-4100
amclaughlin@rsjalaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Chuck Murphy
CLARK HILL PLC
Charles Murphy (P28909)
*Attorneys for Defendants*
151 S. Old Woodward Ave., Ste. 200
Birmingham, MI  48009
(248) 988-5879
cmurphy@clarkhill.com