# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

RUBICON REAL ESTATE HOLDINGS, LLC,
BROWNE DESIGN CONSULTANTS, LLC,
and JOSEPH BROWN,

        Plaintiffs,

vs.

CITY OF PONTIAC, MICHIGAN and
GARLAND S. DOYLE, jointly and severally,

        Defendants.

Case No. 2:23-cv-10439
Hon. Paul D. Borman
Magistrate Judge Curtis Ivy, Jr.

## REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND ANSWER AND AFFIRMATIVE DEFENSES AND FILE COUNTERCLAIM

## TABLE OF CONTENTS

I. INTRODUCTION ................................................................................1

II. DEFENDANTS SHOULD BE PERMITTED LEAVE TO AMEND THEIR ANSWER AND AFFIRMATIVE DEFENSES..........................2

III. DEFENDANTS SHOULD BE PERMITTED LEAVE TO FILE THEIR PROPOSED COUNTERCLAIM............................................................5

# TABLE OF AUTHORITIES

**<u>Cases</u>**

*Bieter Co. v. Blomquist*,
 987 F.2d 1319, 1327 (8th Cir. 1993) ...................................................................6

*Blonder–Tongue Laboratories, Inc. v. University of Illinois Foundation*,
 402 U.S. 313, 350 (1971)......................................................................................2

*Envtl. Tectonics v. W.S. Kirkpatrick, Inc.*,
 847 F.2d 1052, 1067 (3d Cir. 1988) .....................................................................6

*George v. United Kentucky Bank, Inc.*,
 753 F.2d 50, 53 (6th Cir. 1985) ............................................................................2

*H.J. Inc. v. Nw. Bell Tel. Co.*,
 492 U.S. 229, 250 (1989).......................................................................................7

*Haskell v. Washington*,
 864 F.2d 1266 (6th Cir. 1988) ..............................................................................3

*Horton v. Potter*,
 369 F.3d 906, 911 (6th Cir. 2004) ........................................................................3

*In re Duramax Diesel Litig.*,
 298 F. Supp. 3d 1037, 1075 (E.D. Mich. 2018) ...................................................5

*McPherson v. Kelsey*,
 125 F.3d 989, 996 (6th Cir. 1997) ........................................................................6

*Moore, Owen, Thomas & Co. v. Coffey*,
 992 F.2d 1439, 1445 (6th Cir. 1993) ....................................................................2

*Pierce v. County of Oakland*,
 652 F.2d 671 (6th Cir. 1981) ................................................................................3

*Rochester Midland Corp. v. Mesko*,
 696 F. Supp. 262, 266 (E.D. Mich. 1988) ............................................................7

*Trollinger v. Tyson Foods, Inc.*,
 370 F.3d 602, 615 (6th Cir. 2004) ........................................................................5

*United States v. Gardiner*,
    463 F.3d 445, 464 (6th Cir. 2006) ...................................................................................5

*United States v. Lockett*,
    359 F. App'x 598, 613 (6th Cir. 2009) .............................................................................6

*Williams v. Duke Energy Int'l, Inc.*,
    681 F.3d 788, 803 (6th Cir. 2012) ...................................................................................4

## **Statutes**

Fed. R. Civ. P. 12(b)(6).......................................................................................................4

Fed. R. Civ. P. 15(a).............................................................................................................2

Fed. R. Civ. P. 9(b) ..............................................................................................................4

## I.   INTRODUCTION

Plaintiffs Rubicon Real Estate Holdings, LLC ("Rubicon"), Browne Design Consultants, LLC ("Browne Design"), and Joseph Brown's ("Brown") (collectively, "Plaintiffs'") response conveniently dismisses its substantial role in a public bribery scheme. As set forth by Defendants City of Pontiac ("Pontiac") and Garland S. Doyle's ("Doyle") (together, "Defendants'") motion, Dwayne Lyons ("Lyons") and Public Official No. 1 met with Brown in or about late-2019 or early-2020. Subsequently, Lyons issued an invoice to Rubicon for "consulting services" via Innovative Community Elevations, LLC, which he formed *post hac*. Rubicon's business affiliate, "DA Consulting", then paid Lyons $5,000, and Lyons never pursued Rubicon for payment on the invoice. Thereafter, Rubicon's zoning variance request received placement on City agenda, thereby resulting in a grant of Rubicon's requested zoning amendment and the precipitation of numerous other illicit actions (including the destruction of evidence). Where Plaintiffs' own lawsuit has expressly placed this bribery scheme at issue—and where Defendants' investigation into these matters is only just beginning—Defendants should be permitted leave to file their proposed affirmative defenses and Pontiac's counterclaim.

In their response, Plaintiffs particularly suggest that: (1) Defendants waived their amended defenses; (2) the proposed affirmative defenses are only directed to the actions of non-parties; and (3) that the proposed affirmative defense of "fraud"

18836\462986\272058586

is not pled with sufficient particularity. *See* ECF No. 16, PageID.208-212. Plaintiffs further suggest that, with respect to Pontiac's RICO counterclaim: (1) there is no "pattern of racketeering activity", in part because the alleged actions of the enterprise were not foreseeable; (2) Pontiac has no property interest to provide for adequate standing; and (3) there is no threat that racketeering activity could continue, and therefore no common purpose or plan to support a racketeering enterprise. As further detailed below, each of these assertions is mistaken.

## II. DEFENDANTS SHOULD BE PERMITTED LEAVE TO AMEND THEIR ANSWER AND AFFIRMATIVE DEFENSES

The Supreme Court has held that the purpose of Rule 8(c) is to give the opposing party notice of the affirmative defense and a chance to rebut it. *See Blonder–Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 350 (1971). Accordingly, Courts have held "that a defendant does not waive an affirmative defense if [h]e raised the issue at a pragmatically sufficient time and [the plaintiff] was not prejudiced in its ability to respond." *Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1445 (6th Cir. 1993) (internal citation omitted). This is evident from the plain language of Fed. R. Civ. P. 15(a), which "freely" permits leave when justice so requires. *See George v. United Kentucky Bank, Inc.*, 753 F.2d 50, 53 (6th Cir. 1985) ("[T]he record in the State Court proceedings reveals that the [defendant] made a motion in that Court to amend their answer so as to include the affirmative defense of fraud in the inducement . . . . The

2

State Court refused to permit this amendment. Since this claim of fraud in the inducement was not adjudicated in the State Court proceedings and arguably could form the basis of a R.I.C.O. action, we conclude that the District Court erred in dismissing the R.I.C.O. claim.").

Here, Defendants have timely and diligently brought their proposed amendments. There is no cause for delay or injustice, particularly where Defendants' first set of affirmative defenses provide Plaintiffs with constructive notice of fraud affirmative defenses. *Compare Pierce v. County of Oakland*, 652 F.2d 671 (6th Cir. 1981) (stating affirmative defense not waived where the defense clearly appears on face of the pleading), *with* ECF No. 5, PageID76-77 ("Plaintiff is guilty of unclean hands.") ("Any damages to the Plaintiffs are as a result of their own actions or inactions, or the actions or inactions of third parties other than Defendants.").

Of course, Plaintiffs' contentions to the contrary rely upon a strained reading of *Horton v. Potter*, 369 F.3d 906, 911 (6th Cir. 2004). In stating that "[f]ailure to plead an affirmative defense in the first responsive pleading to a complaint generally results in a waiver of that defense[,]" the *Horton* Court only cited to the abrogated case of *Haskell v. Washington*, 864 F.2d 1266 (6th Cir. 1988). In *Haskell*, the Sixth Circuit reached the narrow conclusion that—where the defendant waited over *three years* before raising a statute of limitations argument—"a defense based upon a statute of limitations is waived if not raised in the first responsive pleading." *Id.* at

3

1273. This analysis is inapplicable here, as Defendants do not seek to raise a statute of limitations defense, nor have they waited over three years to do so. Defendants have therefore not waived their amended affirmative defenses.

Defendants' proposed affirmative defenses further allege fraud with sufficient particularity. In relevant part, Defendants' affirmative defenses allege that Rubicon participated in a conspiracy and bribery scheme, including the issuance of a fraudulent invoice. *See* ECF No. 5, PageID.160. The fraudulent invoice was paid by DA Real Estate Consulting, Inc., d/b/a DA Contracting (which was owned by a member of Rubicon, Bradley Klintworth), and this invoice and payment was *quid pro quo* for Rubicon's requested zoning map amendment and Conditional Rezoning Agreement. *See* ECF No. 5, PageID.161. Defendants' affirmative defenses further allege that both the zoning map amendment and the Conditional Rezoning Agreement were obtained through this fraud. *See id.* Clearly, even if this Court reviews Defendants' affirmative defenses under a Fed. R. Civ. P. 12(b)(6) standard, Defendants have particularly pled viable defenses when accepted as true. *See Williams v. Duke Energy Int'l, Inc.*, 681 F.3d 788, 803 (6th Cir. 2012) ("Rule 9(b) does not require omniscience; rather the Rule requires that the circumstances of the fraud be pled with enough specificity to put defendants on notice as to the nature of the claim."); This Court should therefore grant Defendants leave to file their amended answer and affirmative defenses.

4

### III. DEFENDANTS SHOULD BE PERMITTED LEAVE TO FILE THEIR PROPOSED COUNTERCLAIM

Each of Plaintiffs' contentions regarding Pontiac's RICO counterclaim are mistaken. *See supra* Section I. *First*, the cover-up precipitated from Plaintiffs' bribery scheme are entirely foreseeable. *See United States v. Gardiner*, 463 F.3d 445, 464 (6th Cir. 2006) (stating where defendants conspired to cover up their criminal activities, "it was appropriate that the district court considered this meeting to be part of the ongoing criminal conspiracy"). Contrary to Plaintiffs' position, the enterprise's foreseeable actions are imputed to Plaintiffs, regardless of whether Plaintiffs themselves actually committed the act themselves. See *Trollinger v. Tyson Foods, Inc.*, 370 F.3d 602, 615 (6th Cir. 2004) (internal citation omitted) ("[P]laintiffs need not show that [Defendant's] conduct was the sole cause of their injury in order to establish proximate cause; they need show only that the conduct was a substantial cause."). In fact, "when a conspiracy is alleged, it is inevitable that not all of the RICO defendants will be directly involved in every action which injures the plaintiff." *In re Duramax Diesel Litig.*, 298 F. Supp. 3d 1037, 1075 (E.D. Mich. 2018). Such causation among predicate acts alleged is clearly present here, particularly where Brown attended a meeting with Public Official No. 1 and Lyons; (2) Lyons subsequently issued a "consulting invoice" to Rubicon; (3) an affiliated business entity owned by a Rubicon member paid a $5,000 check to Lyons; (4) Lyons never subsequently pursued the invoice against Rubicon; (5) Rubicon

5

received its requested zoning amendment; and (6) Public Official No. 1 and/or Lyons have destroyed evidence to conceal the enterprise's illicit activities, including on Rubicon and/or Brown's behalf.

*Second*, Plaintiffs speculate that Pontiac lacks a "property interest" in its counterclaim, and therefore standing, but ultimately fail to provide *any* case law or statutory authority in support of this proposition. *See* ECF No. 16, PageID.214-215. Such failure constitutes a waiver of the argument. *See United States v. Lockett*, 359 F. App'x 598, 613 (6th Cir. 2009) ("[A party's] failure to cite any specific authority for his assertions . . . is another ground for refusing to entertain those assertions."); *McPherson v. Kelsey*, 125 F.3d 989, 996 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."). Nevertheless, Courts routinely permit civil RICO actions for public corruption cases such as this one. *See, e.g.*, *Envtl. Tectonics v. W.S. Kirkpatrick, Inc.*, 847 F.2d 1052, 1067 (3d Cir. 1988) (finding standing to challenge defendant's alleged use of bribery of foreign government officials to obtain contracts), *judgment aff'd*, 493 U.S. 400 (1990); *Bieter Co. v. Blomquist*, 987 F.2d 1319, 1327 (8th Cir. 1993) (finding standing where alleged bribery of public officials raised issue of fact concerning cause of builder's failure to obtain rezoning).

*Finally*, "if [an] illegal scheme lacks definition, or the scheme is likely to endure for an extended period of time, or if upon accomplishment of its objective,

6

the racketeering activity is likely to continue, then there is a continuing threat of racketeering activity of the type that RICO is designed to deter." *Rochester Midland Corp. v. Mesko*, 696 F. Supp. 262, 266 (E.D. Mich. 1988). As it pertains to bribes, "a threat of continuity of racketeering activity might be established at trial by showing that the alleged bribes were a regular way of conducting [Plaintiffs'] ongoing business, or a regular way of conducting or participating in the conduct of the alleged and ongoing RICO enterprise[.]" *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 250 (1989). Here, further investigation may reveal bribe payments made in the regular course of Plaintiffs' business, and the cover-up of information evidencing Plaintiffs' illicit activities remains ongoing. There is therefore a continuing threat of racketeering activity, and this Court should grant Defendants' motion for leave.

Respectfully Submitted,

Date: June 23, 2023

/s/ Jeffrey T. Hewlett
Clark Hill PLC
Charles Murphy (P28909)
Jeffrey T. Hewlett (P84861)
151 S. Old Woodward Ave., Ste. 200
Birmingham, MI 48009
(248) 988-5879 | cmurphy@clarkhill.com
(313) 309-9498 | jhewlett@clarkhill.com
*Attorneys for Defendants*

Rosati, Schultz, Joppich & Amtsbuechler, P.C.
Anne McClorey McLaughlin (P40455)
27555 Executive Dr., Ste. 250
Farmington Hills, MI 48331
(248) 489-4100
amclaughlin@rsjalaw.com

7

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Jeffrey T. Hewlett
Clark Hill PLC
Jeffrey T. Hewlett (P84861)
500 Woodward Ave., Ste. 3500
Detroit, MI 48226
(313) 309-9498
jhewlett@clarkhill.com
*Attorneys for Defendants*

8