UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RUBICON REAL ESTATE HOLDINGS, LLC, BROWNE DESIGN CONSULTANTS, LLC, and JOSEPH BROWN,<br>      Plaintiffs,<br>v.<br><br>CITY OF PONTIAC and GARLAND S. DOYLE,<br>      Defendants.<br>_____/ | Case No. 23-10439<br><br>Paul D. Borman<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**ORDER GRANTING IN PART, DENYING IN PART MOTION TO
AMEND (ECF No. 14)**

Defendants City of Pontiac and Garland Doyle move for leave to amend their answer to the complaint and affirmative defenses, and to file a counterclaim. (ECF No. 14). This motion was referred to the undersigned. (ECF No. 15).

A. Background

According to Plaintiffs' complaint, Plaintiff Rubicon entered into a purchase agreement for two properties in Pontiac, Michigan, planning to use one to sell marijuana. Rubicon then applied to Pontiac for a zoning ordinance amendment to allow the sale of marijuana on one of the properties. The city's Planning Commission held a hearing on the application during December 2019, recommending to City Council that it be approved. The city approved the

application during January 2020.  Rubicon then moved to close on the properties, which occurred February 27, 2020.  Rubicon entered into leases with two marijuana processors and a grocery store to occupy the properties.

The marijuana lessees applied to Pontiac for permits to grow and process marijuana, in accordance with State law.  Defendant Doyle, then Pontiac City Clerk, refused to issue the permits, claiming the permits could not issue because the properties were outside the marijuana "Overlay Districts."  However, the city's rezoning approval overrode the Overlay District ordinance.  Thus, there was no justification for refusing to issue the permits.  Because of Doyle's actions, Rubicon could not obtain a loan to develop the properties, and thereby lost millions in anticipated revenue.

Because of Defendants' failure, Rubicon filed a declaratory action in Oakland County Circuit Court.  The court granted Rubicon's relief request, ordering that the marijuana lessees permits be granted.  By that time, however, the lessees opted to leave the agreements.

After the Circuit Court judgment, one of Rubicon's principals, Plaintiff Joseph Brown, and his company, Browne Design Consultant, LLC, were retained to provide design services for another project in Pontiac.  Pontiac officials told Rubicon it would need to get rid of Brown and his company if it wanted this project to be approved.  So Rubicon complied and fired them to move forward.

Brown and his company would have made about $9.275 million on that contract had it not been terminated on Pontiac's request. Rubicon alleges that Pontiac officials wanted Brown out of the contract because of its prior successful declaratory action related to the other properties. (ECF No. 1).

Plaintiffs sue for violations of equal protection, due process, the First Amendment, and for taking without just compensation. The case was removed to this Court.

Defendants seek leave to file an amended answer with affirmative defenses and to file a counterclaim. (ECF No. 14). The facts, from their perspective, that form the bases for their affirmative defenses and counterclaims are grounded in fraud and bribery. According to Defendants, Rubicon is affiliated with an entity doing business as DA Contracting, LLC. DA Contracting performed demolition services on the properties at issue in the complaint. Bradley Klintworth, owner of DA Contracting, is a co-member of Rubicon, along with Plaintiff Brown.

Plaintiff Brown allegedly took meetings with Public Official No. 1, a member of Pontiac's Planning Commission during the time of the events alleged, during which Brown or Rubicon agree to pay $5,000 for placement of the rezoning application on the Planning Commission's agenda. After Rubicon's rezoning application was approved, Lyons, a city employee working with Public Official No. 1, sent a "consulting" invoice to Rubicon on behalf of Innovative Community

3

Elevations, LLC, in the amount of $5,000. DA Contracting's Vice President signed and sent the check, which Lyons deposited for Innovative Community Elevations. Rubicon itself was apparently not involved in paying the invoice

Later, Public Official No. 1 filed false campaign financing statements as a result of receiving bribe payments, including "payments" from Rubicon. Public Official No. 1 and Lyons then removed documents and destroyed data or information pertaining to illegal payments they received. Defendants give two reasons for the $5,000 payment. They assert in the counterclaim that the $5,000 check was in payment for getting Rubicon's rezoning application on the Planning Commission's agenda, but in the proposed affirmative defenses they assert the money was for placement on the agenda *and* to obtain approval of the rezoning application from City Council. (ECF No. 14, PageID.118-20; ECF No. 14-3, PageID.168).

According to Defendants, these acts constitute predicate acts for a civil RICO claim against Plaintiffs, and justify the affirmative defenses of fraud, misrepresentation, and the alleged contracts as being void/voidable as against public policy.

B.  Discussion

Both the request to amend the answer and for leave to add a counterclaim are governed by Federal Rule of Civil Procedure 15. *See* 6 Charles Alan Wright &

4

Arthur H. Miller, Federal Practice & Procedure Civil § 1430 (3d ed. 2008) (Rule 15 "governs the question whether an omitted counterclaim can be inserted into an ongoing action."). Rule 15 provides that district courts should "freely" grant a motion for leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). District courts may deny leave to amend under Rule 15(a)(2) based on "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.'" *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (citation omitted). A proposed amendment is futile when it would not survive a motion to dismiss under Rule 12(b)(6). *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

  1. Leave to Amend Answer and Affirmative Defenses

As an initial matter, Plaintiffs do not challenge the proposed minor amendments to the answer. Leave to amend the answer is **GRANTED**.

Defendants argue leave should be granted to amend its affirmative defenses because Plaintiffs will suffer no significant prejudice and the defenses were pleaded in the requisite "general terms." Plaintiffs argue first that Defendants' failure to include the proposed affirmative defenses in their initial answer waives the defenses. (ECF No. 16, PageID.208-09). They next argue that Rule 12(b)(6)

standards apply to affirmative defenses, and even if Rule 12(b)(6) does not apply to them, Defendants still have not pleaded their fraud defense with the requisite particularity. (*Id.* at PageID.210-11).

The Court does not accept Plaintiffs' waiver argument. While Rule 8(c) requires fraud as an affirmative defense to be pleaded in a responsive pleading, no federal rule of civil procedure disallows amendment of affirmative defenses to add a defense, provided the movant meets the requirements for amendment.

Courts in this district that have addressed whether the plausibility standard in *Twombly* and *Iqbal* applies to pleading affirmative defenses have recently held that it does not. *See Sizzling Black Rock House Franchising, Inc. v. Harold L. Kestenbaum, PC*, 2023 WL 3676941, at *8 (E.D. Mich. May 26, 2023) (collecting cases). Instead, affirmative defenses comply with Fed. R. Civ. P. 8(b) when they provide a statement "in short and plain terms" of "defenses to each claim," and Rule 8(c), which governs affirmative defenses, requires only that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense. . . ." Given the less stringent language in Rule 8 regarding affirmative defenses, the Court finds *Sizzling Rock* and similar cases persuasive. Fraud as an affirmative defense, however, must be pleaded with particularity. *Artisan Est. Homes, LLC v. Hensley Custom Bldg. Grp., LLC*, 2022 WL 2915586, at *8 (S.D. Ohio July 25, 2022); *Big-Star Horizons, Inc. v. Penn-Star Ins. Co.*, 2021 WL

6

940913, at *3 (E.D. Mich. Mar. 11, 2021). This requires that the pleader "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *United States ex rel. Bledsoe v. Community Health Sys., Inc.*, 501 F.3d 493, 504 (6th Cir.2007) (internal citation omitted).

Defendants have met the low bar of pleading their defenses of conspiracy and bribery (ECF No. 14-2, PageID.160, ¶ 36) and that the rezoning agreement is void as against public policy (*id.* at PageID.161, ¶ 42) in plain terms, giving Plaintiffs notice of the defenses. As leave to amend should be freely granted, leave to add these affirmative defenses is **GRANTED**. Plaintiffs are not seriously prejudiced by this amendment; ample time remains in discovery to gather facts in response to the defenses.

The Court finds the fraud affirmative defense is not entirely pleaded with specificity. Defendants allege that the rezoning agreement was obtained through fraud, i.e., bribing Public Official No. 1 to get the application on the Planning Commission's agenda. But there is no bridge between the bribe to get the application on the agenda and getting that application approved as alleged in the affirmative defenses. Defendants allege that Public Official No. 1 was on the Planning Commission, not on City Council, the body that approves or denies rezoning applications. There is no allegation that Public Official No. 1 took any

steps to have the application *approved*, only that it be placed on the agenda. Nor is there an allegation that Public Official No. 1 took any steps to have other members of the Planning Commission vote for the application; Public Official No. 1 had one vote on the issue. Thus, it is unclear how Rubicon and Brown were engaged in fraud to have the application placed on the agenda *and* to have it approved. The motion to amend affirmative defenses is **GRANTED** only to the extent that it may add an affirmative defense about the alleged bribe to get the application on the agenda, but **DENIED** as to the allegation that the bribe also worked to get the application granted by City Council, or any other allegation after the Planning Commission voted on the application.

2.      Leave to File a Counterclaim

Plaintiffs argue that leave to file a counterclaim should be denied because the claim would be futile. Defendants seek to add a civil RICO counterclaim under 18 U.S.C. §§ 1962(c) and (d). To state a viable RICO claim under § 1962(c), the pleader must allege: (1) a defendant's conduct, (2) an enterprise, and (3) a pattern of racketeering activity. 18 U.S.C. § 1962(c); *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). To allege a plausible violation of RICO conspiracy under § 1962(d), a plaintiff must state facts sufficient to demonstrate all the elements of a RICO violation and plead the "existence of an illicit agreement to violate the

8

substantive RICO provision." *Aces High Coal Sales, Inc. v. Cmty. Bank & Tr. of W. Georgia*, 768 F. App'x 446, 459 (6th Cir. 2019).

Leave to add a counterclaim should be freely granted, unless the claim would be futile. The RICO claim here is futile because Defendants have not sufficiently alleged a pattern of racketeering activity. A "pattern of racketeering activity" requires at least two acts of racketeering activity within ten years. Even so, alleging two or more predicate acts may not satisfy this element because the pleader must show not only a relationship between the acts, but also continuity. "Within the numerous sorts of relationships that can constitute a pattern, two elements must be shown: 'that the racketeering predicates are *related, and* that they amount to or pose a threat of *continued* criminal activity.'" *Brown v. Cassens Transp. Co.*, 546 F.3d 347, 354 (6th Cir. 2008) (quoting *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239 (1989)) (emphasis in original).

Defendants established a relationship between the predicate acts—Brown agreed to pay Public Official No. 1 for placement on the agenda (but not also to gain approval from City Council, as alleged in the affirmative defenses), then Public Official No. 1 falsified campaign documents to hide bribery, and Lyons destroyed documents that would show bribery occurred.

The claim fails on continuity. Continuity can be a closed period of repeated conduct or an open period of conduct with a threat of being repeated. "Closed-

9

ended continuity can be shown by proving a series of related predicates extending over a substantial period of time." *Id.* (internal quotation and citation omitted). Or, a pattern can be established where the predicate acts carry a distinct threat of long-term racketeering activity, or where the acts include a specific threat of extending indefinitely into the future. *Id.* Finally, open-ended continuity can be shown where the predicate acts are part of an entity's regular way of conducting business. *Id.*

Plaintiffs focus on the open-ended concept, and argue that the allegations contain no threat of continued action. (ECF No. 16, PageID.216). Citing *H.J. Inc.*, Defendants assert that a threat of continued racketeering activity can be established at trial by showing that the alleged bribe, bribery in general, was a regular way of conducting Plaintiffs' business. (ECF No. 18, PageID.269). In *H.J. Inc.*, the Court found a sufficient pattern of racketeering activity. There, the plaintiffs alleged that at different times over the course of a six-year period, the defendants bribed officials several times. 492 U.S. at 250. That pattern of bribery over time showed the Court that the plaintiff "may be able to prove that the multiple predicates alleged constitute 'a pattern of racketeering activity,' in that they satisfy the requirements of relationship and continuity." *Id.* Defendants here alleged a single instance of bribery and only speculate that they might find more bribery to constitute a pattern of racketeering activity after an investigation. On the face of

the counterclaim, even taking the allegations in the light most favorable to Defendants, the Court finds the allegations insufficient to establish a pattern of racketeering activity. As it relates to the claims that Plaintiffs' alleged bribery caused Public Official No. 1 to falsify documents and caused Lyons to destroy documents, the connection to Plaintiffs is tenuous. And in any event, here too there is no showing of continuity. As it relates to filing a counterclaim, the motion is **DENIED**.

The allowed amended pleadings must be filed **within 14 days** of this Order.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: July 27, 2023                                s/Curtis Ivy, Jr.
                                                   Curtis Ivy, Jr.
                                                   United States Magistrate Judge