UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUBICON REAL ESTATE HOLDINGS, LLC,
BROWNE DESIGN CONSULTANTS, LLC
and JOSEPH BROWN,

     Plaintiffs,                           Case No. 23-cv-10439

-vs-                                   HON. PAUL D. BORMAN
                                     Mag. Judge Curtis Ivy, Jr.

CITY OF PONTIAC, MICHIGAN and
GARLAND S. DOYLE, jointly and
severally,

     Defendants.

---

## **DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT**

    Defendants, CITY OF PONTIAC and GARLAND S. DOYLE, by and through

their Attorneys, ROSATI, SCHULTZ, JOPPICH & AMTSBUECHLER, P.C., by

Anne McClorey McLaughlin, answer Plaintiffs' Complaint as follows:

## **THE PARTIES**

    1.   Defendants do not contest the allegations in Paragraph 1.

    2.   Defendants do not contest the allegations in Paragraph 2.

    3.   Defendants do not contest the allegations in Paragraph 3.

    4.   Defendants admit the allegations in Paragraph 4.

    5.   Defendants admit the allegations in Paragraph 5.

## JURISDICTION AND VENUE

6.   Defendants answer that this Court has jurisdiction of this matter pursuant to Defendants' removal of the case to this Court under 28 U.S.C. § 1446, and the Court's original jurisdiction of the claims alleged in the Complaint under 28 U.S.C. § 1331, as all such claims present federal questions.

7.   Defendants answer that venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1), as all Defendants are residents of this judicial district.

8.   Defendants neither admit nor deny the allegations in Paragraph 8, for lack of sufficient information upon which to form a belief of the truth of the allegations, leaving Plaintiffs to their proofs.

## FACTUAL ALLEGATIONS

9.   Defendants deny the allegations in Paragraph 9 in the manner and form pleaded, as the Purchase Agreement identifies the property purchased as commonly known as 1-97 South Glenwood Avenue, to which the parcel numbers pleaded in Paragraph 9 do not entirely correspond. Defendants further answer that Exhibit A to the Purchase Agreement identifying the legal description of the property purchased is not attached to Plaintiff's Complaint Exhibit 1. See ECF No. 1, PageID.40.

10.  Defendants answer that the Purchase Agreement appears to require Rubicon to apply for a marijuana license as soon as reasonably practicable. Defendants further answer that Rubicon has never applied for a marijuana license for the Property. Further, performance of the terms by the parties to the Purchase Agreement do not involve or

concern the Defendants, as neither Defendant is a party to the Purchase Agreement. Defendants further answer that the Purchase Agreement speaks for itself.

11. Defendants answer the allegations in Paragraph 11 that Manuel Ferraiuolo applied for a Zoning Map Amendment to the City of Pontiac.

12. Defendants admit that the City performed a technical review of Mr. Ferraiuolo's application for Zoning Map Amendment.

13. Defendant admits that the Planning Commission held a public hearing and voted to recommend that City Council approve the Zoning Map Amendment for the parcels identified as 7 and 9 South Glenwood Ave., parcel ID numbers 14-21-383-011 and 14-21-383-012.

14. Defendants admit the allegations in Paragraph 14 as they relate to the parcels identified as 7 and 9 South Glenwood Ave., parcel ID numbers 14-21-383-011 and 14-21-383-012. Defendants further answer that the Resolution 20-29 is a matter of public record and speaks for itself.

15. Defendants answer Paragraph 15 that Resolution 20-29 is a matter of public record and speaks for itself.

16. Defendants answer Paragraph 16 that Resolution 20-29 is a matter of public record and speaks for itself.

17. Paragraph 17 contains legal conclusions and not allegations of fact, therefore no answer is required.

18. Defendants deny that a copy of Exhibit 3, the Conditional Rezoning Agreement, is attached to the Complaint as alleged in Paragraph 18. Defendants admit that the City entered a Conditional Rezoning Agreement with an entity known as Rubicon Capital, LLC, and admit the remainder of the allegations in Paragraph 18 upon information and belief.

19.  Defendants admit the allegations in Paragraph 19.

20.  Defendants answer that the Conditional Rezoning Agreement (CRA) is a matter of public record and speaks for itself. Defendants further admit the allegations in Paragraph 20, and further answer that the CRA provides for development of the property to include a mix of traditional uses under the C-3 and M-1 zoning districts.

21.  Defendants answer Paragraph 21 that the correspondence attached as Exhibit 4 speaks for itself, and that the correspondence was addressed to the applicant, Manuel Ferraiuolo. Defendants admit the remainder of the allegations in Paragraph 21.

22.  Defendants answer Paragraph 22 that the correspondence attached as Exhibit 4 speaks for itself, and Defendants admit the allegations in Paragraph 22.

23.  Defendants answer the allegations in Paragraph 23 that at the time that Plaintiff acquired the properties identified as 1-97 South Glenwood Ave., those properties were not in a zoning district in which marijuana uses were permitted before the City Council approved the Zoning Map Amendment and Conditional Rezoning Agreement. Defendants further answer that if the zoning district where the property is located permitted marijuana uses at or before the time that Plaintiff purchased the

4

property, the Zoning Map Amendment and Conditional Rezoning Agreement would have been unnecessary. The Zoning Map Amendment amended the City's Zoning Ordinance to permit marijuana uses on the property.

24. Defendants neither admit nor deny the allegations in Paragraph 24 for lack of information or knowledge sufficient to form a belief as to the truth of these allegations, leaving Plaintiffs to their proofs.

25. Defendants neither admit nor deny the allegations in Paragraph 25 for lack of information or knowledge sufficient to form a belief as to the truth of these allegations, leaving Plaintiffs to their proofs.

26. Defendants neither admit nor deny the allegations in Paragraph 26 for lack of information or knowledge sufficient to form a belief as to the truth of these allegations, leaving Plaintiffs to their proofs.

27. Defendants neither admit nor deny the allegations in Paragraph 27 for lack of information or knowledge sufficient to form a belief as to the truth of these allegations, leaving Plaintiffs to their proofs.

28. Defendants neither admit nor deny the allegations in Paragraph 28 for lack of information or knowledge sufficient to form a belief as to the truth of these allegations, leaving Plaintiffs to their proofs.

29. Defendants neither admit nor deny the allegations in Paragraph 29 for lack of information or knowledge sufficient to form a belief as to the truth of these allegations, leaving Plaintiffs to their proofs.

30. Defendants neither admit nor deny the allegations in Paragraph 30 for lack of information or knowledge sufficient to form a belief as to the truth of these allegations, leaving Plaintiffs to their proofs.

31. Defendants neither admit nor deny the allegations in Paragraph 31 for lack of information or knowledge sufficient to form a belief as to the truth of these allegations, leaving Plaintiffs to their proofs.

32. Defendants neither admit nor deny the allegations in Paragraph 32 for lack of information or knowledge sufficient to form a belief as to the truth of these allegations, leaving Plaintiffs to their proofs.

33. Defendants deny the allegations in Paragraph 33 as they are not true.

34. Defendants deny the allegations in Paragraph 34 as they are not true.

35. Defendants neither admit nor deny the allegations in Paragraph 35 for lack of information or knowledge sufficient to form a belief as to the truth of these allegations, leaving Plaintiffs to their proofs.

36. Defendants deny the allegations in Paragraph 36 in the manner and form pleaded. Defendants further answer that the medical marijuana license applications of Pharmaco and Family Rootz contained deficiencies that precluded the City Clerk from approving and issuing such licenses.

37. Paragraph 37 contains legal conclusions and not allegations of fact, therefore no answer is required. Defendants further answer that the ordinance speaks for itself.

38. Paragraph 38 contains legal conclusions and not allegations of fact, therefore no answer is required. Defendants further answer that the ordinance speaks for itself.

39. Defendants deny the allegations in Paragraph 39 in the manner and form pleaded. Defendants further answer that the medical marijuana license applications of Pharmaco and Family Rootz contained deficiencies that precluded the City Clerk from approving and issuing such licenses.

40. Defendants neither admit nor deny the allegations in Paragraph 40 for lack of information or knowledge sufficient to form a belief as to the truth of these allegations, leaving Plaintiffs to their proofs.

41. Defendants deny the allegations in Paragraph 41 in the manner and form pleaded and as they are not true.

42. Defendants deny the allegations in Paragraph 42 in the manner and form pleaded and as they are not true.

43. Paragraph 43 contains legal conclusions and not allegations of fact, therefore no answer is required. However, Defendants deny the allegations in Paragraph 43 as they are not true.

44. Defendants neither admit nor deny the allegations in Paragraph 44 for lack of information or knowledge sufficient to form a belief as to the truth of these allegations, leaving Plaintiffs to their proofs.

45. Defendants deny the allegations in Paragraph 45 as they are not true.

46. Defendants deny the allegations in Paragraph 46 in the manner and form pleaded and as they are not true.

47. Paragraph 47 contains legal conclusions and not allegations of fact, therefore no answer is required. However, Defendants deny the allegations in Paragraph 47 upon information and belief, as they are not true.

48. Paragraph 48 contains legal conclusions and not allegations of fact, therefore no answer is required. Defendants deny the allegations in Paragraph 48 based upon information and belief, as they are not true.

49. Defendants neither admit nor deny the allegations in Paragraph 49 for lack of information or knowledge sufficient to form a belief as to the truth of these allegations, leaving Plaintiffs to their proofs.

50. Defendants neither admit nor deny the allegations in Paragraph 50 for lack of information or knowledge sufficient to form a belief as to the truth of these allegations, leaving Plaintiffs to their proofs.

51. Defendants neither admit nor deny the allegations in Paragraph 51 for lack of information or knowledge sufficient to form a belief as to the truth of these allegations, leaving Plaintiffs to their proofs.

52. To the extent Paragraph 52 contains legal conclusions and not allegations of fact, no answer is required. However, Defendants deny the allegations in Paragraph 52 based upon information and belief, as they are not true.

53. Paragraph 53 contains legal conclusions and not allegations of fact, therefore no answer is required. If an answer is required, Defendants admit that Plaintiff filed the prior action in the Oakland County Circuit Court, and deny that Plaintiff was "forced" to file such action.

54. Defendants admit the allegations in Paragraph 54.

55. Defendants deny the allegations in Paragraph 55 upon information and belief as they are not true. Defendants further answer that after the circuit court entered the Order Granting Declaratory Relief, both Pharmaco and Family Rootz continued in the application process for medical marijuana facility licensing for their relevant portions of Plaintiff Rubicon's property, and that once Pharmaco and Family Rootz corrected all deficiencies in the applications identified by the City Clerk, the City Clerk issued conditional approvals to both Pharmaco and Family Rootz so that they could apply to the State of Michigan, Department of Licensing and Regulation for state licensure to enable them to operate medical marijuana facilities at Plaintiff Rubicon's property.

56. Defendants neither admit nor deny the allegations in Paragraph 56 for lack of sufficient information upon which to form a belief of the truth of the allegations, leaving Plaintiffs to their proofs.

57. Defendants deny the allegations in Paragraph 57 in the manner and form pleaded and as they are not true.

58. Defendants deny the allegations in Paragraph 58 in the manner and form pleaded and as they are not true.

59. Defendants deny the allegations in Paragraph 59 in the manner and form pleaded and as they are not true.

60. To the extent Paragraph 60 contains legal conclusions and not allegations of fact, no answer is required. However, Defendants deny the allegations in Paragraph 60 based upon information and belief, as they are not true.

61. To the extent Paragraph 61 contains legal conclusions and not allegations of fact, no answer is required. However, Defendants deny the allegations in Paragraph 61 based upon information and belief, as they are not true.

62. Defendants deny the allegations in Paragraph 62 in the manner and form pleaded and as they are not true.

63. Defendants deny the allegations in Paragraph 63 in the manner and form pleaded and as they are not true.

64. Paragraph 64 contains legal conclusions and not allegations of fact, therefore no answer is required.

65. To the extent Paragraph 65 contains legal conclusions and not allegations of fact, no answer is required. However, Defendants deny the allegations in Paragraph 65, as they are not true.

66. Paragraph 66 contains legal conclusions and not allegations of fact, therefore no answer is required. However, Defendants deny the allegations in Paragraph 66, as they are not true.

67. Paragraph 67 contains legal conclusions and not allegations of fact, therefore no answer is required. However, Defendants deny the allegations in Paragraph 67, as they are not true.

68. Paragraph 68 contains legal conclusions and not allegations of fact, therefore no answer is required. However, Defendants deny the allegations in Paragraph 68, as they are not true.

69. Paragraph 69 contains legal conclusions and not allegations of fact, therefore no answer is required. However, Defendants deny the allegations in Paragraph 69, as they are not true.

70. Defendants deny the allegations in Paragraph 70 as they are not true.

71. Paragraph 71 contains legal conclusions and not allegations of fact, therefore no answer is required. However, Defendants deny the allegations in Paragraph 71, as they are not true.

72. Paragraph 72 contains legal conclusions and not allegations of fact, therefore no answer is required. However, Defendants deny the allegations in Paragraph 72, in the manner and form pleaded and as they are not true.

73. Paragraph 73 contains legal conclusions and not allegations of fact, therefore no answer is required. However, Defendants deny the allegations in Paragraph 73, as they are not true.

74.  Paragraph 74 contains legal conclusions and not allegations of fact, therefore no answer is required. However, Defendants deny the allegations in Paragraph 74 in the manner and form pleaded and as they are not true.

75.  Paragraph 75 contains legal conclusions and not allegations of fact, therefore no answer is required. However, Defendants deny the allegations in Paragraph 75 in the manner and form pleaded and as they are not true.

76.  Paragraph 76 contains legal conclusions and not allegations of fact, therefore no answer is required. However, Defendants deny the allegations in Paragraph 76, as they are not true.

77.  Paragraph 77 contains legal conclusions and not allegations of fact, therefore no answer is required. However, Defendants deny the allegations in Paragraph 77, as they are not true.

78.  Paragraph 78 contains legal conclusions and not allegations of fact, therefore no answer is required. However, Defendants deny the allegations in Paragraph 78, as they are not true.

79.  Paragraph 79 contains legal conclusions and not allegations of fact, therefore no answer is required. However, Defendants deny the allegations in Paragraph 79, as they are not true.

## COUNT I

**Deprivation of Rights to Equal Protection of the Law
Brought Pursuant To 42 U.S.C. § 1983**

80. Defendants incorporate by reference their answers to Paragraphs 1-79 of the Complaint as if fully set forth here.

81. Paragraph 81 contains legal conclusions that do not require an answer. However, Defendants deny the allegations in Paragraph 81 as they are not true.

82. Paragraph 82 contains legal conclusions that do not require an answer. However, Defendants deny the allegations in Paragraph 82 as they are not true.

83. Paragraph 83 contains legal conclusions that do not require an answer. However, Defendants deny the allegations in Paragraph 83 as they are not true.

84. Paragraph 84 contains legal conclusions that do not require an answer. However, Defendants deny the allegations in Paragraph 84 as they are not true.

85. Paragraph 85 contains legal conclusions that do not require an answer. However, Defendants deny the allegations in Paragraph 85 as they are not true.

86. Paragraph 86 contains legal conclusions that do not require an answer. However, Defendants deny the allegations in Paragraph 86 as they are not true.

87. Paragraph 87 contains legal conclusions that do not require an answer. However, Defendants deny the allegations in Paragraph 87 as they are not true.

88. Paragraph 88 contains legal conclusions that do not require an answer. However, Defendants deny the allegations in Paragraph 88 as they are not true.

WHEREFORE, Defendants, CITY OF PONTIAC and GARLAND S. DOYLE, respectfully request that this Honorable Court deny Plaintiffs' requests for relief in their entirety and enter judgment of no cause for action in Defendants' favor,

along with Defendants' costs and attorney's fees wrongfully incurred in defense of this action.

## COUNT II

**Deprivation of Due Process Rights**
**Brought Pursuant To 42 U.S.C. § 1983**

89. Defendants incorporate by reference their answers to Paragraphs 1-88 of the Complaint as if fully set forth here.

90. Paragraph 90 contains legal conclusions that do not require an answer. However, Defendants deny the allegations in Paragraph 90 as they are not true.

91. Paragraph 91 contains legal conclusions that do not require an answer. However, Defendants deny the allegations in Paragraph 91 as they are not true.

92. Paragraph 92 contains legal conclusions that do not require an answer. However, Defendants deny the allegations in Paragraph 92 as they are not true.

93. Paragraph 93 contains legal conclusions that do not require an answer. However, Defendants deny the allegations in Paragraph 93 as they are not true.

94. Paragraph 94 contains legal conclusions that do not require an answer. However, Defendants deny the allegations in Paragraph 94 as they are not true.

95. Paragraph 95 contains legal conclusions that do not require an answer. However, Defendants deny the allegations in Paragraph 95 as they are not true.

96. Paragraph 96 contains legal conclusions that do not require an answer. However, Defendants deny the allegations in Paragraph 96 as they are not true.

WHEREFORE, Defendants, CITY OF PONTIAC and GARLAND S. DOYLE, respectfully request that this Honorable Court deny Plaintiffs' requests for relief in their entirety and enter judgment of no cause for action in Defendants' favor, along with Defendants' costs and attorney's fees wrongfully incurred in defense of this action.

## COUNT III

### Deprivation of Rights under the First Amendment
### Brought Pursuant To 42 U.S.C. § 1983

97.  Defendants incorporate by reference their answers to Paragraphs 1-96 of the Complaint as if fully set forth here.

98. Paragraph 98 contains legal conclusions that do not require an answer. However, Defendants deny the allegations in Paragraph 98 as they are not true.

99. Paragraph 99 contains legal conclusions that do not require an answer. However, Defendants deny the allegations in Paragraph 99 as they are not true.

100.   Paragraph 100 contains legal conclusions that do not require an answer. However, Defendants deny the allegations in Paragraph 100 as they are not true.

101.   Paragraph 101 contains legal conclusions that do not require an answer. However, Defendants deny the allegations in Paragraph 101 as they are not true.

102.   Paragraph 102 contains legal conclusions that do not require an answer. However, Defendants deny the allegations in Paragraph 102 as they are not true.

103.    Paragraph 103 contains legal conclusions that do not require an answer. However, Defendants deny the allegations in Paragraph 103 as they are not true.

104.    Paragraph 104 contains legal conclusions that do not require an answer. However, Defendants deny the allegations in Paragraph 104 as they are not true.

105.    Paragraph 105 contains legal conclusions that do not require an answer. However, Defendants deny the allegations in Paragraph 105 as they are not true.

106.    Paragraph 106 contains legal conclusions that do not require an answer. However, Defendants deny the allegations in Paragraph 106 as they are not true.

WHEREFORE, Defendants, CITY OF PONTIAC and GARLAND S. DOYLE, respectfully request that this Honorable Court deny Plaintiffs' requests for relief in their entirety and enter judgment of no cause for action in Defendants' favor, along with Defendants' costs and attorney's fees wrongfully incurred in defense of this action.

## COUNT IV

### Taking Without Just Compensation

107.    Defendants incorporate by reference their answers to Paragraphs 1-106 of the Complaint as if fully set forth here.

108.    Paragraph 108 contains legal conclusions that do not require an answer. However, Defendants deny the allegations in Paragraph 108 as they are not true.

109.    Paragraph 109 contains legal conclusions that do not require an answer. However, Defendants deny the allegations in Paragraph 109 as they are not true.

16

110.    Paragraph 110 contains legal conclusions that do not require an answer. However, Defendants deny the allegations in Paragraph 110 as they are not true.

111.    Paragraph 111 contains legal conclusions that do not require an answer. However, Defendants deny the allegations in Paragraph 111 as they are not true.

112.    Paragraph 112 contains legal conclusions that do not require an answer. However, Defendants deny the allegations in Paragraph 112 as they are not true.

113.    Paragraph 113 contains legal conclusions that do not require an answer. However, Defendants deny the allegations in Paragraph 113 as they are not true.

114.    Paragraph 114 contains legal conclusions that do not require an answer. However, Defendants deny the allegations in Paragraph 114 as they are not true.

115.    Paragraph 115 contains legal conclusions that do not require an answer. However, Defendants deny the allegations in Paragraph 115 as they are not true.

116.    Paragraph 116 contains legal conclusions that do not require an answer. However, Defendants deny the allegations in Paragraph 116 as they are not true.

117.    Paragraph 117 contains legal conclusions that do not require an answer. However, Defendants deny the allegations in Paragraph 117 as they are not true.

118.    Paragraph 118 contains legal conclusions that do not require an answer. However, Defendants deny the allegations in Paragraph 118 as they are not true.

119.    Paragraph 119 contains legal conclusions that do not require an answer. However, Defendants deny the allegations in Paragraph 119 as they are not true.

WHEREFORE, Defendants, CITY OF PONTIAC and GARLAND S. DOYLE, respectfully request that this Honorable Court deny Plaintiffs' requests for relief in their entirety and enter judgment of no cause for action in Defendants' favor, along with Defendants' costs and attorney's fees wrongfully incurred in defense of this action.

s/ ANNE McCLOREY MCLAUGHLIN
ROSATI, SCHULTZ, JOPPICH & AMTSBUECHLER, P.C.
27555 Executive Drive, Suite 250
Farmington Hills, MI 48331
(248) 489-4100
amclaughlin@rsjalaw.com
P40455

Dated: August 10, 2023

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUBICON REAL ESTATE HOLDINGS, LLC,
BROWNE DESIGN CONSULTANTS, LLC
and JOSEPH BROWN,

      Plaintiffs,                             Case No. 23-cv-10439

-vs-                                  HON. PAUL D. BORMAN
                                            Mag. Judge Curtis Ivy, Jr.
CITY OF PONTIAC, MICHIGAN and
GARLAND S. DOYLE, jointly and
severally,

      Defendants.

_____

**DEFENDANTS' FIRST AMENDED AFFIRMATIVE DEFENSES**

Defendants, CITY OF PONTIAC and GARLAND S. DOYLE, by and through

their Attorneys, ROSATI, SCHULTZ, JOPPICH & AMTSBUECHLER, P.C., by

Anne McClorey McLaughlin, assert the following affirmative defenses in this matter:

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Defendant Garland S. Doyle is entitled to absolute and/or qualified

immunity from liability.

3. Although the Zoning Map Amendment and Conditional Rezoning

Agreement (CRA) provide that medical marijuana uses are a permitted use on some or

all of the property known as 1-97 S. Glenwood Ave. in Pontiac (the Property), no

person or entity may use property for marijuana purposes without licenses to do so

approved by the City of Pontiac and the State of Michigan, Department of Licensing and Regulatory Authority, now-Cannabis Regulatory Agency.

4.   Although some or all of the subject property may be used for medical marijuana facilities, the CRA provides that Plaintiff Rubicon and any purported tenant on its property must apply for and obtain a license to operate a medical marijuana facility.

5.   Pharmaco and Family Rootz were first-time applicants for medical marijuana facility licenses in the City of Pontiac.

6.   Neither Plaintiff Rubicon nor Pharmaco nor Family Rootz had a constitutionally protected property interest in a license to operate a medical marijuana facility.

7.   Both Pharmaco and Family Rootz were required to proceed through the application process for medical marijuana facilities licensing, as set forth in the City's medical marijuana ordinance, and to comply with all requirements before the City Clerk could approve their applications and issue medical marijuana facility licenses.

8.   Plaintiff Rubicon did not have a constitutionally protected property or liberty interest in the applications of Pharmaco and Family Rootz for medical marijuana facility licenses or in having its proposed tenants approved for medical marijuana facility licenses.

9.   Before the Oakland County Circuit Court entered the Order Granting Declaratory Relief on May 21, 2021, Defendant Garland Doyle processed the medical

marijuana facility license applications of Pharmaco and Family Rootz and notified both applicants of deficiencies in their applications.

10. After the Oakland County Circuit Court entered the Order Granting Declaratory Relief on May 21, 2021, both Pharmaco and Family Rootz corrected their application deficiencies to the satisfaction of the City Clerk, Defendant Garland Doyle.

11. Clerk Doyle then issued conditional approvals of the applications of Pharmaco and Family Rootz to operate medical marijuana facilities on the property of Plaintiff Rubicon, subject to several conditions, including but not limited to, obtaining building permits, submitting a sanitation plan, providing evidence of liability and casualty insurance, toward obtaining an Attestation to provide to the State of Michigan to apply for state licensure.

12. Both Pharmaco and Family Rootz obtained site plan approval from the City of Pontiac for their proposed medical marijuana facilities.

13. On February 3, 2022, the then-Marijuana Regulatory Agency entered a Consent Order and Stipulation with principals of Pharmaco, requiring them to divest their interests in Pharmaco and permanently banning Pharmaco's principals from practicing in the marijuana industry in Michigan, including those who applied for medical marijuana grower and processor licenses in the City of Pontiac.

14. In 2022, the Marijuana Regulatory Agency entered an order suspending Pharmaco's licenses in Michigan.

3

15. Pharmaco and Family Rootz terminated their relationships with Plaintiff Rubicon for reasons other than any actions by the Defendants.

16. SK Properties terminated its relationship with Plaintiffs Browne Design Consultants and Joseph Brown for reasons other than any action by the Defendants.

17. Hollywood Market terminated its relationship with Plaintiff Rubicon for reasons other than any actions of Defendants.

18. Defendants took no adverse action against Plaintiffs Browne Design Consultants and Joseph Brown.

19. Defendants took no action against Plaintiffs Browne Design Consultants and Joseph Brown motivated by any conduct of Plaintiffs protected by the Constitution.

20. Plaintiffs have failed to state a claim upon which relief can be granted for violation of substantive due process in that Plaintiff cannot negate each and every conceivable basis behind the decisions made by the City.

21. Plaintiff cannot state a claim for violation of substantive due process in that the actions of the Defendant were based on requirements and procedures which are based on legitimate governmental interests.

22. Plaintiff has failed to allege facts demonstrating a custom, policy, practice or procedure sufficient to impose municipal liability upon Defendant, City of Pontiac, under 42 U.S.C. § 1983.

23. Plaintiff is guilty of unclean hands.

4

24. Plaintiff Rubicon's claims are moot.

25. Plaintiff Rubicon's claims are not ripe.

26. Plaintiff Rubicon's claims are barred by the doctrines of waiver and estoppel.

27. Plaintiffs have not been irreparably harmed.

28. Plaintiffs have an adequate remedy at law.

29. The interests of the public do not support equitable or injunctive relief in this matter.

30. Plaintiffs have not demonstrated a substantial likelihood of success on the merits of the case.

31. Any damages to the Plaintiffs are as a result of their own actions or inactions, or the actions or inactions of third parties other than Defendants.

32. Plaintiffs have failed to mitigate their damages.

33. Plaintiffs' claims may be barred by expiration of the statute of limitations.

34. Plaintiffs have failed to exhaust remedies available to them under state law and/or City ordinance, precluding any claim for violation of procedural due process.

35. Plaintiffs have failed to state a claim for violation of equal protection as it has not alleged sufficient facts to support that others similarly situated were treated differently.

36. Plaintiffs have failed to state a claim for violation of equal protection as a "class of one" as it has not alleged and cannot show that it was intentionally treated

differently than other similarly situated entities and that there was no rational basis for the difference in treatment.

37. Plaintiff Rubicon submitted to the City of Pontiac an application for conditional rezoning and a zoning map amendment to allow medical marihuana uses on the Property.

38. A former Pontiac Public Official (Public Official No. 1) was on the Pontiac Planning Commission at the time of Plaintiff Rubicon's application for a zoning map amendment and conditional rezoning of the Property.

39. Public Official No. 1 advanced Plaintiff Rubicon's application for a zoning map amendment and conditional rezoning of the Property on the agenda of the Pontiac Planning Commission.

40. Plaintiffs participated in a conspiracy and bribery scheme with Public Official No. 1 and then-Pontiac assistant director of public works Dwayne Lyons, whereby Innovative Community Elevations, LLC, organized by Lyons, issued a fraudulent invoice for consulting services to Plaintiff Rubicon, for $5,000.00.

41. Innovative Community Elevations had not in fact performed any services for, or sold, produced, or delivered any goods to or for the benefit of Plaintiff Rubicon for which the invoice was issued.

42. The fraudulent invoice was paid to Innovative Community Elevations by DA Real Estate Consulting, Inc., d/b/a DA Contracting, LLC, owned by Bradley Klintworth, a member of Rubicon Real Estate Holdings, LLC.

43. The fraudulent invoice and payment were the *quid pro quo* for advancing Plaintiff Rubicon's application for zoning map amendment and conditional rezoning on the agenda of the Pontiac Planning Commission.

44. The fraudulent payment scheme was concealed from other members of the Pontiac Planning Commission.

45. The other members of the Pontiac Planning Commission voted to recommend approval to the Pontiac City Council of Plaintiff Rubicon's application for conditional rezoning of the Property.

46. The other members of the Pontiac Planning Commission did not know of the fraudulent payment scheme when they voted to recommend approval of Plaintiff Rubicon's application for the zoning map amendment and conditional rezoning of the Property.

47. If the other members of the Pontiac Planning Commission had known of the fraudulent payment scheme when they considered Plaintiff Rubicon's application for the zoning map amendment and conditional rezoning of the Property, the Planning Commission would not have voted to recommend approval of the application to the City Council.

48. The fraudulent payment scheme was concealed from the Pontiac City Council.

49. The Pontiac City Council did not have knowledge of the fraudulent payment scheme when it considered Plaintiff Rubicon's application for zoning map amendment and conditional rezoning of the Property.

50. The Pontiac City Council voted to approve the zoning amendment and the Conditional Rezoning Agreement without knowledge of the conspiracy and bribery scheme between Plaintiffs Rubicon and Brown with Pontiac Public Official No. 1 and Dwayne Lyons.

51. If the Pontiac City Council members had known of the conspiracy and bribery scheme between Plaintiffs Rubicon and Brown with Pontiac Public Official No. 1 and Dwayne Lyons, the Pontiac City Council would not have approved the zoning map amendment and the Conditional Rezoning Agreement.

52. Plaintiff Rubicon would not have obtained leases for the Property without the rezoning and Conditional Rezoning Agreement.

53. Plaintiff Rubicon obtained approval by the Pontiac City Council of the zoning amendment and Conditional Rezoning Agreement through fraud, concealment and misrepresentation. The Conditional Rezoning Agreement is therefore void *ab initio*, having been obtained through fraud.

54. The Conditional Rezoning Agreement is voidable as against public policy, having been obtained through fraud.

55. Plaintiffs' claims are barred by the wrongful conduct doctrine and/or doctrine of *in pari delicto*.

56. Plaintiff is estopped from trying to avoid Defendant City's application of its ordinances and regulations to Plaintiff's property.

57. The prior action in Oakland County Circuit Court was expressly dismissed without prejudice and without costs with the stipulation and consent of Plaintiff Rubicon.

58. Plaintiff Rubicon has waived any claim for costs or attorney's fees as a result of the prior state circuit court action by stipulating to dismissal without costs.

59. Plaintiff Rubicon's allegations in this matter are based on and/or include the same claims against the same defendants.

60. Defendants are entitled to an order requiring Plaintiff Rubicon to pay to Defendants all or part of the costs of the previous action.

61. Neither Defendant has taken action to deprive Plaintiff of the ordinary use of its Property.

62. Plaintiffs have not suffered a concrete injury or injury in fact.

63. Plaintiffs' claims of harm are merely speculative or conjectural.

64. No actions of Defendants proximately caused the damages alleged by Plaintiffs.

65. Plaintiff Rubicon has not obtained a final decision regarding application of any ordinance and/or use of the subject Property that affects Plaintiff's ability to use the Property or that prevents Plaintiff from using its Property, and therefore, Plaintiff's takings claim is not ripe.

66. Defendants' actions have not deprived Plaintiff Rubicon of the use of its Property and have not effected a taking of property.

67. Plaintiffs have failed to state a claim under 42 U.S.C. § 1983.

68. Defendants may not be held jointly and severally liable under 42 U.S.C. § 1983.

69. Defendants are entitled to their attorney fees under 42 U.S.C. § 1988.

70. <u>Reservation</u>. Defendants reserve the right to assert additional affirmative defenses that may become known during the pendency of this litigation.

WHEREFORE, Defendants, CITY OF PONTIAC and GARLAND S. DOYLE, respectfully request that this Honorable Court deny Plaintiffs' requests for relief in their entirety and enter judgment of no cause for action in Defendants' favor, along with Defendants' costs and attorney's fees wrongfully incurred in defense of this action.

s/ ANNE MCCLOREY MCLAUGHLIN
ROSATI, SCHULTZ, JOPPICH & AMTSBUECHLER, PC
27555 Executive Drive, Suite 250
Farmington Hills, MI 48331
(248) 489-4100
amclaughlin@rsjalaw.com
P40455

Dated: August 10, 2023

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUBICON REAL ESTATE HOLDINGS, LLC,
BROWNE DESIGN CONSULTANTS, LLC
and JOSEPH BROWN,

      Plaintiffs,                      Case No. 23-cv-10439

-vs-                               HON. PAUL D. BORMAN
                                   Mag. Judge Curtis Ivy, Jr.

CITY OF PONTIAC, MICHIGAN and
GARLAND S. DOYLE, jointly and
severally,

      Defendants.

---

## DEMAND FOR JURY TRIAL

Defendants, CITY OF PONTIAC and GARLAND S. DOYLE, by and through

their Attorneys, ROSATI, SCHULTZ, JOPPICH & AMTSBUECHLER, P.C., by

Anne McClorey McLaughlin, demand a trial by jury of all issues so triable.

s/ ANNE MCCLOREY MCLAUGHLIN
ROSATI, SCHULTZ, JOPPICH & AMTSBUECHLER, P.C.
27555 Executive Drive, Suite 250
Farmington Hills, MI  48331
(248) 489-4100
amclaughlin@rsjalaw.com
P40455

Dated:  August 10, 2023